IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                   Criminal Action No. 3:04CR40-01

ROZELL ALONZA JOHNSON,

      Defendant.

## REPORT AND RECOMMENDATION THAT MOTION TO DEFER FINE UNTIL SUPERVISED RELEASE BE DENIED AS MOOT

I. Introduction

A.    Background

On November 10, 2004, Defendant pleaded guilty to Counts One, Two and Three of the superceding indictment charging him with conspiracy possession with the intent to distribute and to distribute more than fifty grams of cocaine base; possession with the intention to distribute 108 grams of cocaine base; and possession with intent to distribute 129 grams of cocaine hydrochloride.

On July 7, 2005, Defendant was sentenced to 292 months imprisonment on Counts One and Two and 240 months on Count 3 with the sentences to run concurrently. In addition, Defendant was assessed three hundred dollars ($300.00) and fined one thousand one hundred dollars ($1,100.00). The Court expressly ordered the following schedule of payments: "payment in equal monthly installments of $7.00 over a period of 200 months to commence 60 days after the date of this judgment."

B.    The Motion

Motion to Defer Fine Until Supervised Release.[1]

---

[1] Doc. No. 170.

C.  Recommendation

I recommend the Motion to Defer Fine Until Supervised Release be **DENIED** because it is moot but direct the Clerk to send a copy of the Judgment and Commitment Order to Defendant so he may present it to the appropriate person to have the Bureau of Prisons comply with the Court's Order.

II. Facts

The Government attached as an exhibit to its response a report of payments made by Defendant. Each quarter from June, 2006 through December, 2007, Defendant paid $25.00 or $8.33 per month. In January, February, March and April 2008, Defendant paid $41.83, $58.31, $36.83, and $34.24, respectively.

III. The Motion

A.  Contentions of the Parties

In his motion, Defendant requested payment of his assessment and fine be deferred because he is unable to afford basic hygiene items and communicate with his family because he is only allowed to work part-time and half of his pay is taken to pay the assessment and fine.

The Government contends the Court imposed the fine so that Defendant would be eligible for better employment with the Bureau of Prisons. The Government further contends that if Defendant cannot purchase basic hygiene items the Bureau of Prisons will provide them and Defendant has offered no documentation to support his request and no legal authority for his motion.

Defendant replied to the Government's response by saying he conceded the position of the Government that the Judgment and Commitment Order requires payment of the assessment and fine at the rate of seven dollars ($7.00) per month. Defendant claims that the Bureau of Prisons

is taking half his pay and requests the Court Order the Bureau of Prisons to comply with the Judgment and Commitment Order.

   B.   Discussion

Defendant has no objection to paying the assessment and fine as ordered by the Court in the Judgment and Commitment Order. Therefore, Defendant's motion is moot.

   C.   Recommendation

I recommend the Motion to Defer Fine Until Supervised Release be **DENIED** because it is moot but direct the Clerk to send a copy of the Judgment and Commitment Order to Defendant so he may present it to the appropriate person to have the Bureau of Prisons comply with the Court's Order.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 29, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE