# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROZELL ALONZA JOHNSON,**

    **Petitioner,**

v.                                        **Civil Action No. 3:08CV132**
                                                **Criminal Action No. 3:04CR40-1**
                                                          **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

<u>ORDER</u>

It will be recalled that on November 21, 2008, Magistrate Judge Seibert filed his Opinion/Report and Recommendation, wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation. On December 1, 2008, Respondent filed its Objections to the Magistrate Judge's Opinion/Report and Recommendation, and on January 14, 2009, Petitioner filed his objections.

Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised by the Petitioner in his Motion to Vacate, Set Aside or Correct Sentence, which was filed pursuant to 28 U.S.C. §2255, as well as the issues raised by the Respondent in its Response, were thoroughly considered by Magistrate Judge Seibert in his Report and Recommendation. Upon consideration of the Petitioner's objections, the Court finds that the Petitioner has not raised any issues that were not throughly considered by the Magistrate Judge in his Report and Recommendation. Upon an independent <u>de</u> <u>novo</u> consideration of Petitioner's claims

FILED

NOV 0 5 2009

U.S. DISTRICT COURT
ELKINS WV 26241

that counsel was ineffective for failing to argue mitigating factors at sentencing, that the Court abused its discretion in applying the reckless flight enhancement, that counsel was ineffective for failing to challenge the type of drug, that the Court violated Petitioner's Sixth Amendment right to cross examine a witness, and all additional/new claims raised in the Petitioner's reply, the Court is of the opinion that the Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this action. However, upon an independent de novo review of the Magistrate Judge's findings regarding the Petitioner's claim that the Court erred in accepting unreliable and inaccurate information to establish relevant conduct, the Court finds that it must overrule the Report and Recommendation.

More particularly, the Magistrate Judge found that Petitioner's co-defendant, Marcus Brooks, received a lower sentence for exactly the same criminal conduct in violation of 18 U.S.C. §3553(a)(6), and that Petitioner should thus be re-sentenced to a term of imprisonment equal to that of his co-defendant. Both Petitioner and co-defendant Brooks pleaded guilty to counts one, two and three of the indictment against them, and both challenged the relevant conduct found by the probation officer at sentencing. However, Petitioner was sentenced by the Honorable W. Craig Broadwater, while co-defendant Brooks was sentenced by the Honorable Judge David A. Faber. The witness referred to by the Petitioner in his complaint, Donald Curry, is actually Raymond Donald Curry, who testified before Judge Broadwater as to relevant conduct on two separate occasions: on May 25, 2005, in Petitioner's case and on June 27, 2005, in co-defendant Brooks' case. However, co-defendant Brooks was ultimately sentenced by Judge Faber, nearly four months after the Petitioner was sentenced.

Judge Faber did not take new testimony from witness Curry, but instead reviewed the record of the testimony taken before Judge Broadwater.

In sentencing Petitioner, Judge Broadwater, finding witness Curry's testimony reliable, found Petitioner's relevant conduct to be more than 500 grams but less than 1.5 grams of crack cocaine, thus overruling the Petitioner's objection to the relevant conduct findings in the Presentence Report. These findings stemmed from Judge Broadwater's first-hand observation of witness Curry's testimony regarding relevant conduct on May 25, 2005. Judge Faber, as pointed out by the Government in its objection to the Report and Recommendation, reviewed a cold record. Reviewing the entire record before the Court, the Court finds that the Petitioner has not proven that Judge Broadwater's factual findings in this regard were in error. Nor has there been any showing that Judge Broadwater improperly calculated the Guidelines in sentencing the Petitioner. Thus, Petitioner's properly calculated guideline sentence is reasonable.

The Government, in its objections, cites to the 1992 Fourth Circuit case of U.S. v. Ellis, 975 F.2d 1061, which holds that while disparity in sentences among co-conspirators may seem inequitable, where no other error has been shown to exist, a downward departure is inappropriate. Id. at 1066. Accordingly, finding no error in Judge Broadwater's factual findings regarding Petitioner's relevant conduct and subsequent guideline sentence, the Court finds that re-sentencing the Petitioner to a sentence equivalent to his subsequently sentenced co-defendant, based upon different factual findings by a different Judge reviewing a cold record, is not appropriate. Therefore, it is

**ORDERED** that Magistrate Judge Seibert's Report and Recommendation be, and the same hereby is, accepted with regards to Sections A, B, D, E and F of the Report and Recommendation, and overruled with regard to Section C thereof. Accordingly, it is

**ORDERED** that the Petitioner's §2255 Motion be, and the same hereby is, **DENIED**. It is further

**ORDERED** that the above styled action be, and the same hereby is, **DISMISSED** with prejudice and **STRICKEN** from the docket of this Court. It is further

**ORDERED** that all other pending motions be **DENIED** as moot. It is further

**ORDERED** that, if Petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed in forma pauperis from the United States Court of Appeals for the Fourth Circuit.

ENTER: November 5, 2009

_____
United States District Judge